**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

MICHAEL D. MORTON,            :

    Petitioner,             :

                             CIVIL ACTION NO. 17-0032-KD-MU

                       :

vs.                           CRIMINAL NO. 14-0260-KD-MU

                       :

UNITED STATES OF AMERICA,     :

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Michael D. Morton, has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 (Doc. 35; *cf.* Doc. 33). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Morton's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1) & (3).

## FACTUAL BACKGROUND

On January 22, 2015, Morton entered a counseled guilty plea to the sole count of the indictment, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)[1]. (*Compare* Doc. 23 *with* Doc. 1.) Because petitioner was

---

[1]      "It shall be unlawful for any person [] who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year[,] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or (Continued)

determined to be an armed career criminal (*see* Doc. 26, at ¶¶ 23, 32-35 & 39),[2] he

was sentenced to the statutory mandatory minimum term of 180 months

imprisonment[3] on April 24, 2015. (*See* Docket Sheet Entry for April 24, 2015.)[4] The

Court entered its written judgment on May 5, 2015. (Doc. 29; *see also* Doc. 30

(statement of reasons)). Morton did not file a direct appeal. (*See* Docket Sheet.)

---

ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

[2]     "The offense of conviction is a violation of 18 USC § 922(g), and the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. Therefore, the defendant is an armed career criminal and subject to an enhanced sentence under the provisions of 18 USC § 924(e). The offense level is 33. USSG §4B1.4." (*Id.* at ¶ 23.)

[3]     "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned **not less than fifteen years**, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." 18 U.S.C. § 924(e)(1) (emphasis added); *see also In re Hires,* 825 F.3d 1297, 1301 (11th Cir. 2016) ("Under the ACCA, a defendant who is convicted under § 922(g)(1) is subject to a 15-year statutory minimum sentence if he has three previous convictions for a violent felony, serious drug offense, or both, committed on different occasions. 18 U.S.C. § 924(e)(1).").

Under the elements clause of the ACCA, "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that [] has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B)(i).

[4]     Because the statutory mandatory minimum was 15 years (that is, 180 months), which was greater than the guideline range minimum of 168 months, the low-end of the guidelines became 180 months, that is, the statutory mandatory minimum. (*See* Doc. 26, at ¶ 57 ("Based upon a total offense level of 30 and a criminal history category of VI, the guideline imprisonment range is 168 to 210 months. However, the statutorily authorized minimum sentence of 15 years is greater than the minimum of the guideline range; therefore, the guideline range is 180 months to 210 months. USSG §5G1.1(c)(2).")).

Morton initially filed a motion to vacate in this Court on January 13, 2017 (Doc. 33); however, on January 19, 2017, the Court ordered Morton to file an amended § 2255 motion because he failed to complete and sign his original petition (Doc. 34; *compare id. with* Doc. 33). The Court also informed Morton that his amended petition would be the operative pleading in this case (Doc. 34, at 2 ("Petitioner's new petition will supersede his original petition; therefore, Petitioner shall not rely on his original petition."); *see also* Doc. 36 (recognizing the Morton's amended § 2255 motion is the operative pleading)), and therefore the undersigned considers solely the contents of the amended petition filed February 15, 2017 (*see* Doc. 35, at 6). On the question of timing, the Court regards the amended petition as relating back to the date of the filing of the initial petition on January 13, 2017, *see Mederos v. United States,* 218 F.3d 1252, 1254 (11th Cir. 2000) ("We conclude, therefore, that in the present case, justice required the district court to treat Mederos's second motion as an amendment that cured the initial § 2255 motion's technical deficiency, and related back to the date of filing of the original motion for statute of limitations purposes."). Therein, petitioner appears to be implicitly contending that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because he seeks to take advantage of the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (June 26, 2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague) and *Welch v. United States,* 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (finding *Johnson* to be retroactive to cases on collateral review), in requesting that "the residual clause [be omitted] and [that he be] sentence[ed] . . . according to the guidelines." (*See* Doc. 35, at 6.)

3

## <u>CONCLUSIONS OF LAW</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was

enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28

U.S.C. § 2255 providing for a one-year period of limitations within which federal

prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255.  *Akins v.*

*United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971, 121 S.Ct.

410, 148 L.Ed.2d 316 (2000).

> A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created
> by governmental action in violation of the Constitution or laws of the
> United States is removed, if the movant was prevented from
> making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2255(f).

In the typical case, a petitioner interposes no argument in favor of application

of subsections (2), (3), and (4) of § 2255(f), such that the timeliness of a motion to

vacate, set aside or correct a sentence becomes relatively easy to calculate under §

2255(f)(1) based upon the date on which a petitioner's judgment of conviction

became final. In this case, Morton did not file a direct appeal and, therefore, his

conviction became final fourteen (14) days after this Court entered its May 5, 2015 written judgment, that is, on May 19, 2015, the date on which the time for filing a notice of appeal with this Court expired. *Compare* Fed.R.App.P. 4(b)(1)(A)(i) *with Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Thus, Morton's one-year limitations period for filing his § 2255 motion began running on May 19, 2015 and expired on May 19, 2016. And, of course, because Morton's motion to vacate comes approximately eight (8) months following the expiration of his one-year limitations period, he seeks to argue that his motion to vacate is timely under § 2255(f)(3) ("[T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"), based upon the Supreme Court's decision in *Johnson*, which was declared to be retroactive to cases on collateral review by *Welch*.

Morton's argument, however, necessarily misses the mark (and his petition remains untimely) because his motion to vacate was filed on January 13, 2017 (*see* Doc. 33), more than one year after the Supreme Court issued its decision in *Johnson* on June 26, 2015, 135 S.Ct. at 2551. *Compare Johnson v. United States,* 2016 WL 5452804, *2 (D. Md. Sept. 29, 2016) ("The Supreme Court issued its opinion in *Johnson* on June 26, 2015. Therefore, the deadline to file a Section 2255 motion for relief under *Johnson* was June 26, 2016. However, Petitioner's Motion was not filed in this Court until July 21, 2016, significantly after the one-year statute of limitations had run. Therefore, Petitioner's motion is untimely.") and *Jones v.*

*United States,* 2016 WL 5109169, *2 (W.D. N.C. Sept. 19, 2016) ("Petitioner's §

2255 motion to vacate should be dismissed as untimely because it was not filed

within one year from the date the <u>Johnson</u> opinion was filed.") *with Dodd v. United*

*States,* 545 U.S. 353, 357 & 358, 125 S.Ct. 2478, 2482, 162 L.Ed.2d 343 (2005)

("What Congress has said in ¶ 6(3) is clear: An applicant has one year from the date

on which the right he asserts was initially recognized by this Court. . . . Paragraph

6(3) identifies *one date and one date only* as the date from which the 1-year

limitation period runs: 'the date on which the right asserted was initially recognized

by the Supreme Court.'"). Accordingly, Morton's motion to vacate, filed January 13,

2017, is time-barred under 28 U.S.C. § 2255(f)(3) because it was filed more than

one year after the Supreme Court's June 26, 2015 decision in *Johnson v. United*

*States.*[5]

---

[5]     Besides, Morton's § 2255 motion misses the mark for another reason. Although it is clear that in *Johnson, supra,* the Supreme Court "declared the residual clause of the ACCA to be unconstitutionally vague[,]" *United States v. Nelson,* 813 F.3d 981, 982 (11th Cir. 2015), it "left undisturbed the remainder of the ACCA's definitions of a violent felony, including the definition of a violent felony under § 924(e)(2)(B)(i), known as the elements clause." *United States v. Jean,* 636 Fed.Appx. 767, 770 (11th Cir. Jan. 13, 2016) (citations omitted), *cert. denied,* 136 S.Ct. 2400, 195 L.Ed.2d 771 (May 31, 2016); *see also In re Griffin,* 823 F.3d 1350, 1353 (11th Cir. 2016) ("The Supreme Court clarified that in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes clause of the ACCA's definition of a violent felony."). Here, of course, Morton has three separate prior convictions for second-degree assault (*see* Doc. 26, at ¶¶ 32, 33 & 35 (reflecting a March 24, 2008 conviction for the second-degree assault of Angela Lakes—that is, with intent to cause physical injury, he caused physical injury to Lakes by means of a deadly weapon, a firearm; a August 2, 2011 conviction for the second-degree assault of Jason Glover and Antonio Surles—that is, with intent to cause serious physical injury to another, he caused serious physical injury to Glover and Surles by means of a deadly weapon, a firearm; and a December 2, 2013 conviction for the second-degree assault of Jailer Fitts—that is, with intent to cause physical injury to a correctional officer during or as a result of the performance of his duties, he caused physical injury to Jailer Fitts)) and because persuasive authority classifies a prior (Continued)

Based upon the foregoing, and because Morton's motion to vacate contains no argument that he is entitled to equitable tolling of the limitations period[6]—and "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013)—or that he is factually innocent of the crime for which he was convicted—[7] the undersigned recommends that petitioner's § 2255 motion be dismissed as time-barred.

---

conviction under Alabama law for second-degree assault as a violent felony under the elements clause of the ACCA, *Jefferson v. United States,* 2016 WL 6023331, *1 (S.D. Ala. Oct. 13, 2016) ("Jefferson's conviction for second degree assault remains a proper ACCA predicate, pursuant to the elements clause."); *see also United States v. Anderson,* 442 Fed.Appx. 537, 540 (11th Cir. Oct. 14, 2011) ("[B]ecause the predicate conviction [of second-degree assault under § 13A-6-21(a)(2)] requires force in its physical injury element, the district court did not err in concluding that Anderson's prior assault conviction is a violent felony that has as an element the use of force."); *Knight v. United States,* 2016 WL 1378127, *3 & 4 (N.D. Ala. Apr. 7, 2016) (finding three convictions for second-degree assault "meet the elements of the ACCA definition of violent felony pursuant to the ACCA's elements clause."), petitioner is entitled to no relief because each of his three prior second-degree assault convictions "qualify for § 924(e) treatment due to their falling under the elements clause of the ACCA." *Knight, supra*; *see also Jean, supra,* 636 Fed.Appx. at 770 ("Because Jean's prior offenses qualify as ACCA predicate offenses under the elements clause, he still qualifies as an armed career criminal.").

[6]     Morton had the opportunity to file a reply to the government's motion to dismiss by April 20, 2017 (*see* Doc. 38); however, no reply has been filed (*see* Docket Sheet).

[7]     In *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id.* (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*., quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Morton, of course, does not assert his actual (factual) innocence and certainly has supplied this Court with no "new" evidence establishing his actual innocence of the felon in possession charge. Thus, (Continued)

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).  Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Morton's motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is

---

*McQuiggin* does not provide him a gateway through which his untimely § 2255 motion may pass.

correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that the government's motion to dismiss (Doc. 37) the instant motion to vacate (Doc. 35; *see also* Doc. 33) be **GRANTED** and that Michael Morton's motion to vacate be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1) & (3). Morton is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 2nd day of May, 2017.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**