IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL D. MORTON, | ) |
| | ) |
| Petitioner, | ) |
| | )   Criminal Action No. 14-00260-KD-MU |
| v. | ) |
| | )   Civil Action No. 17-00032-KD-MU |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This action is before the Court on Petitioner Michael D. Morton's *pro se* "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence" pursuant to 28 U.S.C. § 2255 (doc. 42).[1]

Title 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A).  Title 28 U.S.C. § 1631 provides that when a civil action is filed in the wrong court, and that court finds that it lacks jurisdiction, the action may be transferred to the correct court, in the interests of justice.  In this circumstance, where Morton appears to have mistakenly filed his Application in the Southern District of Alabama, the Court finds that the interests of justice would be served by transferring Morton's Application to the Court of Appeals for the Eleventh Circuit, as the appropriate court of appeals.  See Partee v. Atty. Gen., Georgia, 451 Fed.

---

[1] The Court declines to adopt the recommendation of the Magistrate Judge that the case be dismissed. (doc. 43). Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Appx. 856, 858 (11th Cir. 2012) ("However, a significant factor in the interest-of-justice analysis is whether a denial of a transfer would effectively bar the plaintiff from relief in the proper court.") (addressing transfer of a § 2254 petition). Accordingly, the Clerk is directed to transfer the Application to the Court of Appeals for the Eleventh Circuit.

To the extent Morton's Application could be construed as a second or successive § 2255 motion, this Court lacks jurisdiction to consider it because he has not obtained authorization. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the court of appeals, the] district court lacks jurisdiction to consider a second or successive petition.").

DONE and ORDERED this the 9th day of September 2020.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE