IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| vs.   ) | Criminal Action No. 14-00260-KD-MU |
| ) | |
| MICHAEL DEWAYNE MORTON,   ) | |
| ) | |
| Defendant.   ) | |

**ORDER**

This action is before the Court on Defendant Michael Dewayne Morton's motion for compassionate release and supplement, which the Court construes as a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)[1] (docs. 49, 50).[2] Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I.   Background

Morton pled guilty to Count One of an Indictment charging the offense of felon in possession of a firearm (doc. 29). In April 2015, he was sentenced to serve 180 months in prison (Id.). Because Morton had at least three prior convictions for a violent felony, he was classified as an armed career criminal for purposes of the Sentencing Guidelines (doc. 26, p. 5). Morton's total offense level was 30 and his criminal history category was VI. His advisory sentencing guidelines range was 168 months to 210 months. However, his statutory minimum sentence was greater than

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[2] Morton also moves the Court for appointment of counsel to assist with filing a civil action against the Warden (doc. 49, p. 2). The motion is dismissed for lack of jurisdiction. Any civil action against the Warden at FCI Thomson must be filed in the Northern District of Illinois, the district where FCI Thomson is located. Therefore, any appointment of counsel must be made by the Court in the Northern District of Illinois.

the low end of the guidelines range; therefore, his range was 180 months to 210 months. Morton was sentenced to the statutory minimum of 180 months.

Morton is now 34 years old. His release date is September 27, 2027. He has served approximately seven years of his sentence and is incarcerated at USP Thomson in Thomson, Illinois. At present, no inmates or staff are positive for Covid-19. Five-hundred and seventeen inmates and one hundred staff members have recovered from Covid-19. One staff member died. https://www.bop.gov/coronavirus/ (last visited September 7, 2021).

   II.   Motion for Reduction of Sentence and/or Compassionate Release

   A.   Statutory prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Morton states that he "has now attempted to exhaust all administrative remedies within this institution, but due to the said Warden . . . now interfering with [his] rights of informal resolution and not responding to [Morton's] compassionate release within the 30-day dead line," he has been unable to exhaust (doc. 50, p. 2). Morton signed his request to the Warden on April 26, 2021 (doc. 50-1). That same day, he signed his motion for compassionate release (doc. 49).[3] Thus, Morton's

---

[3] See Burke v. United States, 762 Fed. Appx. 808, 809–10 (11th Cir. 2019) ("Under the prison mailbox rule, an inmate's pro se § 2255 motion is deemed filed on the date it was delivered to prison authorities for mailing. Absent evidence to the contrary, we presume that a movant delivered his motion to prison authorities on the date he signed it. The government bears the burden of

2

motion was filed before the lapse of 30 days from the Warden's receipt of the request. However, more than 30 days have now passed since Morton's request was received by the Warden.[4] In this procedural posture, the Court finds no reason to dismiss the motion without prejudice. See United States v. Skaff, 2020 WL 3490074, at *1 (S.D.W. Va. June 25, 2020) ("Although Mr. Skaff petitioned the court on June 4, 2020, before 30 days had passed since the Warden's receipt, I find it would be a waste of judicial resources to have Mr. Skaff refile the motion now that 30 days have elapsed since the Warden's receipt of the compassionate release request."); United States v. Blake, No. 15-CR-80018, 2020 WL 4677309, at *4 (S.D. Fla. Aug. 12, 2020) (same).

  B.  Analysis

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020).

In relevant part,[5] 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites, see supra, ¶ A, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion

---

proving that the motion was delivered to prison authorities on a different date.") (citing Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014)).

[4] The Warden denied Morton's request on May 20, 2021 (doc. 50-4). Thus, he must have received the request between April 26, 2021 and May 20, 2021.

[5] Since Morton is 34 years old, only subparagraph (i) could apply. Subparagraph (ii) provides for a reduction of sentence when "the defendant is at least 70 years of age, has served at least 30 years in prison" and other factors are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

"Extraordinary and compelling" reasons are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A). Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The applicable Policy Statement is found at U.S.S.G. § 1B1.13. United States v. Bryant, 996 F. 3d 1243 (11th Cir. 2021).

With respect to extraordinary and compelling reasons, Morton alleges that he contracted Covid 19, and now suffers from the after-effects of the disease. Specifically, he has difficulty breathing, congestion in his throat and chest, daily vomiting and diarrhea, headaches, and weakness. He alleges he is now weakened, enfeebled, and disabled due to the infection. Morton also provides a release plan whereby he plans to live with relatives, work with his uncle as a bricklayer, and obtain health care to treat his conditions (docs. 49, 50).

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Only one example could possibly be relevant.[6] Specifically, Application Note 1(A)(ii)(I), which provides that an extraordinary and compelling reason exists if the defendant is -

---

[6] Morton does not allege that he has a terminal illness, a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process, such that his ability to provide self-care in prison is substantially diminished. U.S.S.G. § 1B1.13, cmt. n. 1(A)(i), (ii)(II) & (III). He does not allege that his family circumstances meet the criteria in

>(I) suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).

Morton has not presented any evidence to support a finding that he is not expected to recover from the after-effects of Covid 19. However, even if Morton met his burden to show extraordinary and compelling reasons which warrant a sentence reduction under Application Note 1(A)(ii)(I), the Court must still weigh the applicable sentencing factors. 18 U.S.C. § 3582(c)(1)(A) (the court . . . may reduce the term of imprisonment . . . **after** considering the [applicable] factors set forth in 18 U.S.C. § 3553(a).") (emphasis added). "The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to

---

Application Note 1(C), or that he meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(B) & (C). Application Note 1(D) provides that extraordinary and compelling reasons "other than" or in combination with the reasons in Application Notes 1(A)-(C), may exist. U.S.S.G. § 1B1.13, cmt. n.1(D). The Court of Appeals for the Eleventh Circuit recently clarified that these reasons "other than" or "in combination with" are limited to those reasons as determined by the Director. <u>United States v. Bryant</u>, 996 F. 3d at 1247-1248. In that regard, the Bureau of Prisons Program Statement 5050.50, which applies to reductions of sentence under § 3582(c)(1)(A), in relevant part, provides for consideration of a reduction of sentence where the inmate has a medical condition from which they will not recover, and that renders the inmate "completely disabled … or capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." The information before the Court indicates that Morton does not fall within these parameters. Especially since he plans to work as a brick layer when he is released.

victims." United States v. Granda, 852 Fed. Appx. 442, 445 n.1 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

In that regard, the Court has considered the relevant factors,[7] and finds that the nature and circumstances of the offense and Morton's history and characteristics, do not weigh in favor of a reduction in sentence. Specifically, Morton qualified as an armed career criminal pursuant to the Sentencing Guidelines. He committed the instant offense, after he had been convicted for Assault 2nd Degree (four convictions involving use of a firearm), discharging a firearm into an occupied building and injuring an occupant, and domestic violence. In this circumstance, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C).

Additionally, before a defendant may obtain a reduction in sentence for extraordinary and compelling reasons, the Court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See U.S.S.G. § 1B1.13, Policy Statement. However, Morton's history of violent crimes indicate that he is a danger to the safety of other persons and to the community.

DONE this the 13th day of September 2021.

> s / Kristi K. DuBose
> KRISTI K. DuBOSE
> CHIEF UNITED STATES DISTRICT JUDGE

---

[7] "Even where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. … Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient." United States v. Granda, 852 Fed. Appx. at 446 (citations omitted).