# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL D. MORTON, | ) |
| | ) |
| Petitioner, | ) |
| | )   Criminal Action No. 14-00260-KD-MU |
| v. | ) |
| | )   Civil Action No. 17-00032-KD-MU |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

This action is before the Court on Petitioner Michael D. Morton's *pro se* "Motion of Credibility through the Cycle of the U.S. Constitution" (doc. 59), "Petition under Habeas Corpus stemming from the Bill of Attainder in the terms of the First Step Act Requirements of 2018 Relief" alleging that the Bureau of Prisons has failed to apply or incorrectly calculated his earned time credit and alleging that his conviction and sentence is in violation of the Second Amendment to the U.S. Constitution (doc. 62),[1] letters in support of his allegation regarding the application and calculation of his earned time credit (docs. 63, 64), "Petitioner's Writ of Habeas Corpus [pursuant] to the Right of Way of the Coding Constitutionality; in Regards of Properly Correcting his Current Sentence under the New First Step Act Requirements retroactive Jan. 2022"[2] (doc. 65), "Notification of Infringement" of his rights under the Second Amendment in

---

[1] Morton did not identify the specific statute pursuant to which he filed his "Petition under Habeas Corpus" (doc. 62). However, the challenge to the calculation of his earned time credit appears to be a petition pursuant to 28 U.S.C. § 2241 and the challenge to the constitutionality of his conviction and sentence appears to be a motion to vacate pursuant to 28 U.S.C. § 2255.

[2] Morton appears to mean the end-date, January 2022, of the two-year phase-in for the Bureau of Prisons to implement the programs mandated by the First Step Act. The BOP was to complete a risk and needs assessment for all inmates and then had two years to "phase-in" the program

support of his Petitions (doc. 68), and "Petition of Writ of Habeas Corpus under 28 U.S.C. § 2241" (doc. 70).[3]  Upon consideration, and for the reasons set forth herein, Morton's Petitions (docs. 62, 65, 70) are dismissed for lack of jurisdiction.  Accordingly, Morton's "Motion of Credibility through the Cycle of the U.S. Constitution" (doc. 59), which the Court construes[4] as a motion for appointment of counsel, is denied.

Morton pled guilty and was convicted of the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He was determined to be an armed career criminal. On April 24, 2015, he was sentenced to the statutory mandatory minimum of 180 months (doc. 29). Morton now argues that his conviction and sentence violate the Second Amendment and he should be released from prison (docs. 62, 70).  Thus, he challenges the constitutionality of his sentence. See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United State. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").  However, Morton already filed a § 2255 motion, which was dismissed as time-barred pursuant to 28 U.S.C. §

---

implementation, or January 2022. 18 U.S.C. § 3632; 18 U.S.C. § 3621(h)(2). Morton appears to bring this Petition pursuant to 28 U.S.C. § 2241.

[3] Although Morton labeled his Petition as a § 2241 petition, it is actually a second or successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255. United States v. Brown, 748 Fed. Appx. 286, (Mem)–287 (11th Cir. 2019) ("Courts are obligated to 'look behind the label' of pro se inmate filings to determine whether they are cognizable under 'a different remedial statutory framework.'" ) (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)).

[4] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

2255(f)(1) & (3) (docs. 39, 40, 41).[5] Thus, these petitions are construed as second or successive § 2255 motions. See 28 U.S.C. § 2255(h). However, before a second or successive motion or application is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A); 28 U.S.C. § 2255(h).

Morton has not shown that he moved the Eleventh Circuit "for an order authorizing" this Court to consider his motions, prior to filing in this district court. Therefore, this Court lacks jurisdiction to consider the motions. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the court of appeals, the] district court lacks jurisdiction to consider a second or successive petition.") (bracketed text added). Accordingly, the petitions (docs. 62, 70) are dismissed for lack of jurisdiction.

Morton also moves the Court to order the Bureau of Prisons to correct the calculation of his earned time credit and apply the correction to his sentence (doc. 62, 65). Morton argues that the BOP has not complied with the First Step Act of 2018 which changed the method for calculating earned time credit for certain inmates, and therefore, the BOP has incorrectly calculated his earned time credit.

However, Morton is a federal inmate serving a sentence imposed by the United States District Court and incarcerated at USP Thomson in Thomson, Illinois. In this circumstance, a § 2241 petition challenging the BOP's calculation of credit for time served, i.e., the execution of his sentence, must be filed "in the district court for the district in which" Morton is incarcerated.

---

[5] Morton also filed an application for leave to file a second or successive motion to vacate, set aside or correct sentence (doc. 42), which this Court transferred to the Court of Appeals for the Eleventh Circuit (doc. 46). The Eleventh Circuit denied Morton's application. In re Michael Morton, No. 20-13383-A (11th Cir. Sept. 22, 2020).

3

Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated. Fernandez is confined at FMC–Rochester in Minnesota. Consequently, even if we were to construe Fernandez's claim as a section 2241 motion, the district court for the Southern District of Florida would not have jurisdiction."); Padgett v. Warden, USP Atlanta, 745 Fed. Appx. 859, 862 (11th Cir. 2018) (per curiam) (unpublished) (finding that "jurisdiction over a § 2241 habeas petition challenging present confinement 'lies in only one district: the district of confinement.'") (quoting Rumsfeld v. Padilla, 542 U.S. 426, 442–43, 124 S. Ct. 2711, 2722 (2004).  Morton must seek relief in the judicial district wherein he is incarcerated.  Accordingly, these petition are dismissed for lack of jurisdiction.

    DONE and ORDERED this the 8th day of June 2022.

                          /s/ Kristi K. DuBose
                          KRISTI K. DuBOSE
                          UNITED STATES DISTRICT JUDGE